David Davidson, Esq. SBN 215969
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. SBN 341732
ptorres@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO GARCIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO.<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, WALMART, INC., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of Merced to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity.

This Court has original jurisdiction over this action under 28 U.S.C. §

1

1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Hugo Garcia is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## INTRODUCTION

1.    On January 23, 2024, plaintiff Hugo Garcia ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California in and for the County of Merced, entitled *Hugo Garcia, an individual, v. Walmart, Inc., a corporation, and DOES 1 through 50, inclusive,*" as Case Number 24CV-00366. Plaintiff alleges four causes of action for Violation of the Unruh Civil Rights Act, Civil Code Section 51 et seq, negligence, Violation of Bus. & Prof. Code, Section 17200, and Intentional Infliction of Emotional Distress arising out of an incident that is alleged to have occurred on June 27, 2022, in Merced, California.

2.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

3.    Plaintiff's Complaint was served on Defendant on January 23, 2024. Plaintiff served its response to Statement of Damages on March 14, 2024. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days of service of the pleading which made the case become removeable.

4.    This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

## BASIS FOR REMOVAL

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

6.     At the time of filing his complaint, Plaintiff was a resident and citizen of the State of California, County of Merced. (Torres Dec., ¶ 3.)

7.     Defendant is a citizen of the Delaware where it was incorporated with its principal place of business in the State of Arkansas. (Id. at ¶ 4.)

8.     The defendants identified as "Does 1 through 50" in Plaintiff's Complaint are merely fictitious parties who have not been identified.

9.     The inclusion of "Doe" defendants in the state court Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  (See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

10.     In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." (See also, *Goldsmith v. CVS Pharmacy, Inc.*, CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)). The presumption remains that Congress said what it meant

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. (See *Soliman*, 311 F.3d at 966.) The parties are accordingly completely diverse, and jurisdiction is proper.

11.    Plaintiff's Complaint does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.

12.    Plaintiff served its response to Statement of Damages on March 14, 2024, which claimed $5,000,000.00 in general damages, and at least $827,000.00 in special damages. (Id. at ¶ 2.) Therefore, the amount of damages exceeds $75,000.

13.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff has alleged various damages in excess of $5,827,000. (Torres Dec., ¶ 2-4.)

14.    Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of Merced to the United State District Court for the Eastern District of California is appropriate.

15.    The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of Merced, where this action was originally filed, is located within this federal judicial

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

district. Also, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of Merced in the State of California. (Torres Dec., ¶ 3.)

16.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

17.    Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Merced, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

18.    No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of Merced to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: March 22, 2024                    O'HAGAN MEYER

By:    _David Davidson_
       David Davidson
       Pilar Torres
       Attorney for Defendant,
       WALMART INC.

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY)**

## DECLARATION OF PILAR TORRES, ESQ.

I, Pilar Torres, declare as follows:

1.    I am an attorney duly authorized and licensed to practice before this Court. I am an attorney with the law firm of O'Hagan Meyer, counsel of record for defendant WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter.   The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief.  If called as a witness, I could and would testify competently to the matters declared herein.

2.    As a result of the subject fall, Plaintiff served its response to Statement of Damages on March 14, 2024, which claimed $5,000,000.00 in general damages, and at least $827,000.00 in special damages, attached hereto, collectively, as **Exhibit B.**

3.    According to the Complaint prepared and submitted by Plaintiff, she resides in Merced, California. I am informed and believe he has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time he filed his Complaint. The subject accident allegedly occurred on June 27, 2022, at a Walmart store located in Merced, California.

4.    Walmart, Inc. is incorporated in Delaware with its principal place of business in the State of Arkansas.

5.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

6.    Plaintiff's Complaint was served on Defendant on January 23, 2024. Plaintiff served its response to Statement of Damages on March 14, 2024. This

1

**DECLARATION OF PILAR TORRES, ESQ.**

Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of the pleading which made the case become removable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on March 20, 2024.

_____
Pilar Torres, Declarant

O'HAGAN MEYER

ATTORNEYS ▲ ADVISORS

2
**DECLARATION OF PILAR TORRES, ESQ.**

# EXHIBIT A

This e-copy is the official court record (GC68150)

ELECTRONICALLY FILED
Merced Superior Court
1/23/2024 4:17 PM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

**JACOBY & MEYERS ATTORNEYS LLP**
SHANE HAPUARACHY, State Bar No. 271887
  *shapuarachy@jacobyandmeyers.com*
GRETA M. CURRY, State Bar No. 328584
  *gcurry@jacobyandmeyers.com*
ALICIA S. CURRAN, State Bar No. 187872
  *acurran@jacobyandmeyers.com*
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300
Facsimile: (310) 715-8331

Attorneys for Plaintiff HUGO GARCIA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF MERCED**

|  |  |
|---|---|
| HUGO GARCIA, an individual; | 24CV-00366 |
| Plaintiff, | Case No.: |
| vs. | **COMPLAINT FOR DAMAGES FOR** |
|  | 1. **NEGLIGENCE;** |
|  | 2. **PREMISES LIABILITY** |
| WALMART INC., a corporation; and DOES 1 through 50, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMES NOW Plaintiff HUGO GARCIA who complains and alleges as follows:

**JURISDICTION AND VENUE**

1.     All acts complained of herein took place within the jurisdiction of the above-captioned court.

2.     Plaintiff HUGO GARCIA ("Plaintiff") is, and at all relevant times was, a resident of the City of Mariposa, County of Mariposa, State of California.

3.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendant, WALMART INC., a corporation (hereinafter "WALMART"), was and is authorized to do business and doing business in the City of Merced, County of San Merced, State

-1-

PLAINTIFF'S COMPLAINT FOR DAMAGES

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

This e-copy is the official court record (GC68150)

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

of California. Plaintiff is further informed and believes and thereon alleges that, at all times herein mentioned, WALMART is licensed to operate a chain of retail stores in the City of MERCED, County of MERCED, State of California.

4. The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise of DOES 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictiously sued Defendants with the causes of action alleged herein is unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was and is negligently, carelessly, recklessly, unlawfully, tortiously, wantonly, wrongfully, illegally, or in some other actionable matter, responsible for the events and happenings hereinafter referred to, and thereby negligently, carelessly, recklessly, unlawfully, tortiously, wantonly, wrongfully, and illegally proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will later file an amendment to this Complaint or seek leave of Court to amend this Complaint to show Defendants' true names and capacities after the same has been ascertained.

5. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 50, inclusive, and each of them, were agents, servants, employees and joint venturers of each other, and were, as such, acting within the course, scope and authority of said agency, employment and joint venture, and that each and every Defendant, as aforesaid, were responsible for safely creating and maintaining the premises of the WALMART location at 3055 Loughborough Drive, Merced, CA 95348.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(As Against All Defendants)**

6. Plaintiff re-alleges and incorporates by reference each and every allegation above as though fully set forth in detail herein.

7. Plaintiff is informed and believes and thereupon alleges that Defendants

-2-

PLAINTIFF'S COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

WALMART; and DOES 1 through 25, and each of them, owned, leased, operated, maintained, designed, installed, built, managed, supervised, inspected and/or otherwise controlled a WALMART store at 3055 Loughborough Drive, Merced, CA 95348 (herein after, the "PREMISES").

8.    Defendants WALMART and DOES 1 through 25, and each of them, owed a duty to Plaintiff to exercise ordinary care and skill to avoid causing foreseeable harm to Plaintiff and other similarly situated persons.

9.    Defendants WALMART and DOES 1 through 25, and each of them, breached that duty of care by negligently and carelessly managing, operating, inspecting, controlling, supervising and/or maintaining the PREMISES in a reasonably safe condition by, without limitation, failing to inspect and properly remove a slick substance on the floor. Prior to Plaintiff's injury, this condition existed for sufficient time to have been discovered by Defendants in the exercise of due care and would have been so discovered by a reasonably adequate inspection system maintained and operated with due care. Although Defendants should have known about the unsafe area, they did nothing to fix the problem or adequately warn about it.

10.    On or about June 27, 2022, Plaintiff was lawfully at and upon the PREMISES when he slipped and fell as a result of the dangerous conditions of the PREMISES, including but not limited to, trip/slip hazards and/or liquid detergent on the floor. Plaintiff was injured as a direct and proximate result of encountering the unsafe and dangerous conditions that existed at Defendants' PREMISES.

11.    As a proximate result of the conduct of the Defendants, and each of them, Plaintiff sustained losses in an amount to be determined at trial, including but not limited to, physical injuries to his body requiring medical treatment and care, physical pain and mental suffering, loss of earnings and the capacity to maintain gainful employment, among other general and special damages in an amount to be determined according to proof.

-3-
PLAINTIFF'S COMPLAINT FOR DAMAGES

This e-copy is the official court record (GC68150)

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

## SECOND CAUSE OF ACTION

### PREMISES LIABILITY

### (As Against All Defendants)

12.     Plaintiff re-alleges and incorporates by reference each and every allegation above as though full set forth in detail herein.

13.     Defendants WALMART; and DOES 1 through 35, and each of them, including without limitation their vendors, agents, employees, co-workers and others, owned, leased, operated, maintained, designed, installed, built, managed, inspected and/or otherwise controlled the PREMISES.

14.     Defendants, and each of them, had a duty to use reasonable care to keep the PREMISES in a reasonably safe condition for use by Plaintiff and others similarly situated. Defendants, and each of them, had a duty to use reasonable care to discover any unsafe conditions on the PREMISES and to repair, replace, remove, or give adequate warning of anything that could reasonably be expected to harm others.

15.     Defendants, and each of them, breached their above-described duties and failed to use reasonable care to protect Plaintiff and others similarly situated from the foreseeable harm caused by the dangerous and unsafe conditions that existed at the PREMISES. Defendants knew or should have known that the dangerous conditions were present and/or Defendants (and/or their employees or agents) created such conditions. Defendants failed to take reasonable steps to repair, replace, or give adequate warning of the dangerous and unsafe conditions of the PREMISES, which Defendants, and each of them, created or otherwise failed to repair and/or remove despite reasonable time and opportunity to take corrective action.

16.     The above-described conditions created an unreasonable risk of harm which Defendants and each of them, knew about, either because the Defendants created the condition or because Defendants, in the exercise of reasonable care, should have discovered through reasonable, periodic inspections of the property.

17.     Defendants' breach of their duty of care was a legal cause of, and a substantial factor in, Plaintiff's harm and damages as alleged herein. As a proximate result of the conduct of

-4-

This e-copy is the official court record (GC68150)

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

the Defendants, and each of them, Plaintiff sustained losses in an amount to be determined at trial, including but not limited to, physical injuries to his body requiring medical treatment and care, physical pain and mental suffering, loss of earnings and the capacity to maintain gainful employment, among other general and special damages in an amount to be determined according to proof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For past and future general damages, according to proof;

2. For past and future medical expenses, according to proof;

3. For past and future lost earnings and lost earning capacity, according to proof;

4. For pre- and post-judgment interest;

5. For costs of suit incurred herein;

6. For such other and further relief as the Court deems just and proper.

Dated: January 23, 2024                    JACOBY & MEYERS ATTORNEYS LLP

By: _____
SHANE HAPUARACHY
ALICIA CURRAN
GRETA CURRY
Attorneys for Plaintiff,
HUGO GARCIA

-5-

PLAINTIFF'S COMPLAINT FOR DAMAGES

ELECTRONICALLY FILED
Merced Superior Court
2/28/2024 5:08 PM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Pilar Torres, Esq. (SBN 341732)
ptorres@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:    (949) 942-8500
Facsimile:    (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MERCED

| | |
|---|---|
| HUGO GARCIA, an individual, | Case No. 24CV-00366 |
| Plaintiff, | **Assigned For All Purposes To:** Hon. Brian McCabe Dept. 8 |
| vs. | |
| WALMART, INC., a corporation; and DOES 1 through 50, inclusive, | **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | Complaint Filed:    01/23/2024 Trial Date:    None Set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant WALMART, INC. ("Defendant"), by and through its attorneys, answers Plaintiff HUGO GARCIA's Complaint ("Complaint") in this action as follows:

## GENERAL DENIAL

Defendants deny both generally and specifically each and every allegation in said unverified complaint and the whole thereof, including a denial that Plaintiff has been or will be injured or damaged whether in the manner alleged, or in any other manner or sum, or at all, as permitted by California Code of Civil Procedure § 431.30(d). In further response to Plaintiff's Complaint, Defendants deny that Plaintiff has sustained any injury, damage, or loss, by reason of

1

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

any act or omission of Defendants or its agents or employees.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, and each and every purported cause of action contained therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    Each cause of action asserted in Plaintiff's Complaint is barred by the statute of limitations as set forth in Code of Civil Procedure §§335.1, 337.1, 337.15, and 340.

## THIRD AFFIRMATIVE DEFENSE

3.    Defendants contend that Plaintiff was concurrently and contributorily negligent in and about the matters referred to in said Complaint on file herein, and that said carelessness and negligence on Plaintiff's own part proximately and directly contributed to and caused the injuries, loss, and damages complained of by Plaintiff, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

4.    Defendants contend that the injuries and damages complained of by Plaintiff, if any there were, were either wholly or in part proximately caused by negligence or other wrongful acts or omissions of persons or entities other than answering Defendants, and that said negligence or wrongful acts or omissions either are imputed to Plaintiff by reason of his relationship with said persons or entities, or comparatively reduce the proportion of negligence and corresponding liability of answering Defendants, if any, which liability is specifically denied.

## FIFTH AFFIRMATIVE DEFENSE

5.    Defendants contend that if liability is assessed against it, pursuant to Civil Code § 1431 et. seq., Defendant shall be liable only for the amount of non-economic damages allocated to it in direct proportion to the percentage of fault assessed against it by the trier of fact and requests that a separate judgment be rendered against it for that amount; but that Defendants in setting forth this affirmative defense make no admission that it is liable to Plaintiff in any amount or in any proportion; and Defendants, in setting forth this affirmative defense, make no admission that Plaintiff has been damaged in any sum or sums at all.

///

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

This e-copy is the official court record (GC68150)

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate his damages, if any there were, and that this failure to mitigate damages alone aggravated any damages or injuries to Plaintiff, if any, and therefore precludes or reduces recovery against answering Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Defendants contend that Plaintiff knew, or in the exercise of reasonable care, should have known of the risks and hazards involved in the undertaking in which she engaged, but nevertheless and with full knowledge of these things, did fully and voluntarily consent to assume the risks and hazards involved in the undertaking.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Defendants contend that pursuant to Government Code §830.2 and its progeny the risk, if any, created by the alleged dangerous condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used.

### NINTH AFFIRMATIVE DEFENSE

9.     Defendants contend that the events, injuries, losses, and damages, if any, complained of were the result of an unavoidable accident insofar as answering Defendants are concerned and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of answering Defendants.

### TENTH AFFIRMATIVE DEFENSE

10.     The provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51) Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432 are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence of fault of persons or entities other than answering Defendants.

///

3

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

This e-copy is the official court record (GC68150)

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    Defendants contends that any and all conduct of which Plaintiff complains, and which is attributed to answering Defendants, or its agents or employees was a just and proper exercise of management discretion on the part of answering Defendants and its agents and employees undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    Defendants contend that plaintiff's cause of action for premises liability is barred because Defendants did not have actual notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.    Defendants contend that plaintiff's cause of action for premises liability is barred because Defendants did not have constructive notice of the condition within sufficient time before the alleged injury to provide a reasonable opportunity to protect against it.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.    Defendants contend that plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for plaintiff's own safety in order to avoid the alleged incident. The resulting injuries and damages, if any, sustained by plaintiff were proximately caused and contributed to by the negligence of plaintiff, in that any possible danger with regard to the accident was open and obvious to anyone using reasonable care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.    At the time and place of the occurrence alleged in the complaint, plaintiff failed to exercise ordinary care on his own behalf for his own safety. That negligence caused the injury and damage, if any, that she sustained. Consequently, plaintiffs right to recover should be diminished by his proportional share of fault.

Lastly, this answering Defendant presently does not have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated,

4

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

This e-copy is the official court record (GC68150)

affirmative defenses available. This answering Defendant reserves its rights to assert additional affirmative defenses in the event that the discovery indicates they would be appropriate.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by way of the Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendants on all causes of action;

3.    For attorneys' fees and costs of suit incurred in defense of this action; and

4.    For such other, further relief, as this Court may deem just and proper.


DATED:    February 28, 2024                    **O'HAGAN MEYER**


By: _____

David Davidson
Pilar Torres
Attorneys for Defendant,
WALMART, INC.

5
**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

# EXHIBIT B

**JACOBY & MEYERS ATTORNEYS LLP**
 SHANE V. HAPUARACHY, State Bar No. 271887
        *shapuarachy@jacobyandmeyers.com*
 GRETA M. CURRY, State Bar No. 328584
        *gcurry@jacobyandmeyers.com*
 ALICIA S. CURRAN, State Bar No. 187872
        *acurran@jacobyandmeyers.com*
        *shaneteam@jacobyandmeyers.com*
 10900 Wilshire Boulevard, 15th Floor
 Los Angeles, California 90024
 Telephone: (310) 312-3300
 Facsimile: (310) 715-8331

 Attorneys for Plaintiff HUGO GARCIA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF MERCED**

| | |
|---|---|
| HUGO GARCIA, an individual<br><br>        Plaintiff,<br><br>vs.<br><br>WALMART, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 24CV-00366<br><br>**PLAINTIFF HUGO GARCIA'S STATEMENT OF DAMAGES**<br><br>Dept.     8<br>Filed:    1/23/2024<br>Trial:    NOT SET |

PROPOUNDING PARTY:     Defendant(s)   WALMART, INC.

RESPONDING PARTY:     Plaintiff(s)     HUGO GARCIA

SET NUMBER:                         ONE (1)

COMES NOW plaintiff HUGO GARCIA and in answer to Defendants' REQUEST FOR STATEMENT OF DAMAGES, answers as follows:

**GENERAL DAMAGES**

Pain, suffering, emotional distress:  $5,000,000.00

-1-

**PLAINTIFF HUGO GARCIA'S STATEMENT OF DAMAGES**

**JACOBY & MEYERS ATTORNEYS LLP**<br>**10900 Wilshire Boulevard, 15th Floor**<br>**Los Angeles, California 90024**<br>**Telephone: (310) 312-3300 Facsimile: (310) 715-8331**

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

**SPECIAL DAMAGES**

Medical Expenses:    >$165,000

Future medical expenses:   $500,000

Loss of Earnings:  >12,000

Loss of Future Earning Capacity: >150,000

Dated:  March 14, 2024

**JACOBY & MEYERS ATTORNEYS LLP**

By: _____

SHANE HAPUARACHY
GRETA CURRY
ALICIA CURRAN
Attorneys for Plaintiff,

-2-

**PLAINTIFF HUGO GARCIA'S STATEMENT OF DAMAGES**

**PROOF OF SERVICE - 1013a, 2015.5, 2015 C.C.P.**

<u>**CASE NAME:  Garcia v. Walmart, Inc.**</u>
<u>**CASE NUMBER: 24CV-00366**</u>

State of California          )
County of Merced          )          ss:

I am over the age of 18 years, am employed in the aforesaid county and am not a party to the action or proceeding, and my business address is 10900 Wilshire Boulevard, 15th Floor, Los Angeles, California 90024.

On March 14, 2024, I e-served: **PLAINTIFF HUGO GARCIA'S STATEMENT OF DAMAGES** on the interested parties in this action as follows:

David Davidson, Esq
Pilar Torres, Esq
O'HAGAN MEYER LLP
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
ptorres@ohaganmeyer.com
ddavidson@ohaganmeyer.com
agurzenski@ohaganmeyer.com
Attorneys for Defendant, WALMART, INC.

✓ ELECTRONIC TRANSMISSION. Pursuant to Emergency Rule 12(b) only by emailing the document(s) to the above persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic.  Because this office will be working remotely, and therefore not able to send physical mail as usual, this office is using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on the above date, at Los Angeles, California

✓     (State) I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

_____
Jocelyn Flores

JACOBY & MEYERS ATTORNEYS LLP
10900 Wilshire Boulevard, 15th Floor
Los Angeles, California 90024
Telephone: (310) 312-3300 Facsimile: (310) 715-8331

-3-

**PROOF OF SERVICE**

## CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **March 22, 2024**, I served the within document(s) described as:

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF PILAR TORRES, ESQ.**

on the parties in said action as follows:

☐ **BY ELECTRONIC TRANSMISSION:** The undersigned hereby certifies that on 3/22/2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **March 22, 2024,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

1

**CERTIFICATE OF SERVICE**

## SERVICE LIST
*Hugo Garcia v. Walmart, Inc.*
O'Hagan Meyer File No.: 2967-37492


Shane Hapuarachy, Esq.                    Attorneys for Plaintiff
Greta M. Curry, Esq.                      Hugo Garcia
Alicia S. Curran, Esq.
**Jacoby & Meyers Attorneys LLP**
10900 Wilshire Blvd. 15th Floor
Los Angeles, CA 90024
Tel: 310-312-3300
Fax: 310-715-8331
shapuarachy@jacobyandmeyers.com
gcurry@jacobyandmeyers.com
acurran@jacobyandmeyers.com

2
**CERTIFICATE OF SERVICE**